KADER BIGGS & CO. v. JAMES B. WATERS AND WIFE et al.

*Partnership Accounts—Referee's Findings—Evidence.*

Where, in the statement of an account between partners, the only testimony as to an item of charge against one partner was the testimony of witnesses that the said partner sold to them and they paid him the money for certain articles of personal property, such as was dealt in by the firm: *Held*, that such testimony was sufficient to support the finding by the referee charging such item against the partner.

CIVIL ACTION by Kader Biggs & Co. against J. B. Waters and others on a promissory note and for the foreclosure of a mortgage, heard, on exceptions of a referee's report, before *Hoke, J.*, at Fall Term, 1892, of WASHINGTON Superior Court.

The facts were as follows: L. Jackson, Jr., and the defendant J. B. Waters became partners in the livery and sale business at Plymouth, N. C., on April 14, 1875, on which date Waters executed to Jackson his note for $1,112.50 for his interest in the business, and secured the same by a mortgage on land in which his wife joined. The note was subsequently assigned to the plaintiffs, who brought this action, praying judgment against the defendant Waters and the administrators of L. Jackson, Jr., who had died, and for a foreclosure of the mortgage. The defendant Waters by his answer claimed that during the existence of the co-partnership, and before the assignment of the note by Jackson to the plaintiffs, Jackson became indebted to him in a sum much in excess of the amount of the note, and set up the same as a counter-claim and demanded judgment for such excess.

The account was referred to T. S. Armistead, Esq., who reported his findings of fact and conclusions of law to

Spring Term, 1892, of Washington Superior Court, and awarded judgment to defendant Waters for $221.15, against the defendants, administrators of L. Jackson, Jr., who filed exceptions, but at Fall Term, 1892, waived all of the same except one, upon which they rested their case, which was as follows:

" That there was no evidence for the referee to consider in charging the intestate of defendant administrators with the proceeds of sale of certain horses and buggies sold by said intestate during the continuance of the partnership in the livery business."

The counsel further stated that part of the evidence which was claimed to support the charge was in the form of affidavits of certain persons who had witnessed the sales and to whom they had been made.

It was agreed that there was no objection to these affidavits for form, and same were to be considered as depositions duly taken, the position of the appellants being that the statements embodied in such affidavits and other evidence in the cause constituted no evidence to support the findings of the referee and the charge against their intestate's estate.

The appellants waived all other exceptions to the report and the findings of the referee.

Upon an examination and consideration of this report and evidence the Court was of opinion that there was evidence to support the finding of the referee in the item of charge pointed out by the exceptions, and gave judgment overruling the exceptions and confirming the report; from which judgment the defendants Stubbs and Basnight, administrators, excepted and appealed.

The referee found as a fact, from affidavits and depositions of John R. Eborn and W. H. Robertson and others, that L. Jackson, Jr., sold horses, mules and buggies belong-

ing to the firm of L. Jackson & Co., in the years 1875 and 1876, to the amount of $1,305, and, as a conclusion of law, found "that the facts stated in the affidavits are sufficient in law to charge the estate of L. Jackson, Jr., deceased, represented by W. H. Stubbs and T. J. Basnight, administrators, with the amounts named therein, making $1,305, to one-half of which, to-wit, $652.50, the defendant Waters is entitled as a credit on the note," etc.

*Messrs. L. C. Latham* and *A. O. Gaylord,* for defendants (appellants).

No counsel *contra.*

PER CURIAM: After a careful inspection of the record we are unable to find any error in the rulings of the Court below. The judgment is therefore

Affirmed.